IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES FOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-1092-GPM |
| | ) |
| KURT PRENZLER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff James Foley brought this case pursuant to 42 U.S.C. § 1983 against Kurt Prenzler, individually and in his official capacity as Madison County Treasurer, and Madison County, Illinois (collectively, "Defendants"). Plaintiff alleges that Defendants violated his First Amendment rights when they terminated his employment as the investment manager for Madison County because of his ties to the Democratic Party and his support for Democratic political candidates.

This matter came before the Court for a jury trial on June 11, 2013 through June 12, 2013. On the second day of trial, at the close of Plaintiff's case in chief, both parties moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court took the motions under advisement, and Defendants proceeded with their case in chief. At the close of all the evidence, and before the case was submitted to the jury, Defendants renewed their motion for judgment as a matter of law. For the following reasons, and those set forth on the record, Defendants' motion for judgment as a matter of law is granted in part and denied in part, and

Plaintiff's motion for judgment as a matter of law is denied.

Under Rule 50(a) of the Federal Rules of Civil Procedure, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue." FED. R. CIV. P. § 50(a)(1). "A legally sufficient amount of evidence need not be overwhelming, but it must be more than a 'mere scintilla.'" *Filipovich v. K & R Exp. Sys., Inc.*, 391 F.3d 859, 863 (7th Cir. 2004), *citing Massey v. Blue Cross-Blue Shield of Ill.,* 226 F.3d 922, 924 (7th Cir. 2000). In deciding the motion, the court must consider "whether the evidence presented, combined with all reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." *E.E.O.C. v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 431 (7th Cir. 2012), *quoting Wallace v. McGlothan,* 606 F.3d 410, 418 (7th Cir. 2010). Put simply, the court must assess whether a rational jury could have found for the non-moving party. *Tincher v. Wal-Mart Stores, Inc.*, 118 F.3d 1125, 1129 (7th Cir. 1997), *quoting Emmel v. Coca-Cola Bottling Co.*, 95 F.3d 627, 629 (7th Cir. 1996).

In a case such as this where Plaintiff alleges he was fired from his job because of his political affiliation, "the burden of proof relating to causation is divided between the parties." *Greene v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011). Plaintiff had the initial burden of showing by a preponderance of the evidence that his political affiliation was a motivating factor—or a sufficient condition—of Prenzler's decision to terminate him. *Id.* The burden then shifted to Defendants to show by a preponderance of the evidence that Plaintiff's political affiliation was not a necessary condition of his termination—that is, Plaintiff would have been terminated anyway.

*Id.* However, even if Plaintiff's political affiliation was a sufficient and necessary cause of his termination, Defendants could escape liability by showing that Plaintiff's position was exempt from the prohibition against political terminations. *See Branti v. Finkel*, 445 U.S. 507, 517–18 (1980).

Defendants' moved for judgment as a matter of law on three grounds: (1) Plaintiff failed to put forth sufficient evidence that, at the time Plaintiff was terminated, Prenzler knew Plaintiff was affiliated with the Democratic Party; (2) even if Plaintiff had shown his political affiliation was a motivating factor in his termination, Defendants put forth sufficient evidence that Plaintiff would have been terminated anyway for violating the investment policy; and (3) Defendants put forth sufficient evidence that Plaintiff held a position which was exempt from the prohibition against firing employees for political reasons (Doc. 54).  Plaintiff moved for judgment as a matter of law on only one ground: Defendants failed to put forth sufficient evidence that Plaintiff's position was exempt from the prohibition against firing employees for political reasons (Doc. 55).

At the conclusion of all the evidence, the Court examined the evidence presented combined with all reasonably drawn inferences, and determined that the evidence would not sufficiently support a verdict in Plaintiff's favor. No reasonable jury could have found that Plaintiff's political affiliation was a sufficient condition of his termination because there was nothing more than a mere scintilla of evidence that Defendant Prenzler even knew what Plaintiff's politics were. Additionally, no reasonable jury could find that Plaintiff's political affiliation was a necessary cause of his termination because the evidence was overwhelming that Plaintiff would have been terminated for violating the investment policy regardless of his political affiliation.

Because no reasonable jury could find that Plaintiff was terminated due to his political

affiliation, the Court need not consider the merits of the parties' arguments regarding whether Plaintiff's position was exempt from the prohibition against such political terminations.

Accordingly, Defendants' motion for judgment as a matter of law is **GRANTED** as to grounds one and two that Plaintiff's political affiliation was not a sufficient or necessary cause of his termination, and **DENIED** as to ground three. Plaintiff's motion for judgment as a matter of law is **DENIED**. All claims are **DISMISSED on the merits**, and the Clerk of the Court is **DIRECTED** to enter judgment for Defendants.

**IT IS SO ORDERED.**

DATED: June 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge